GeeeN, Judge,
delivered the opinion of the court:
This case is begun under an Act of Congress set out in finding 1 giving the Sioux Tribe of Indians the right to submit any claims which it may have against the United *601 States to this court notwithstanding the lapse of time or statutes of limitation, and providing that the claim or claims of the tribes or bands thereof may be presented separately or jointly by a petition.
The plaintiifs are the Santee Tribe and are a band of the Sioux Indians of the Santee Reservation in the State of Nebraska.
The Treaty of June 19, 1858, between the United States and the Santee Indians, provided among other things that if the Senate should authorize certain lands to be sold for the benefit of the Mendawakanton and Wahpakoota bands or prescribe the amount to be paid said bands for their interest in said tract, provisions shall be made by which the chiefs and headmen of said bands may, in their discretion, in open council, authorize to be paid out of the proceeds of said tract not exceeding $70,000 to satisfy their just debts and obligations.
By the Act of March 2, 1861, Congress appropriated the sum of $96,000 in payment for 320,000 acres of land in the State of Minnesota belonging to the Santee bands of Sioux Indians at the rate of 30 cents per acre and provided that this sum might be paid at the discretion of the Secretary of the Treasury in bonds of the United States.
The defendant has never paid or in any way accounted for the difference between the sum of $96,000 appropriated in payment for the Indian lands and the $70,000 which the United States was authorized to pay the creditors of the plaintiffs. Plaintiffs now ask judgment for $26,000 together with interest thereon by reason of the failure of the defendant to make this payment.
Several defenses are presented to this claim. The first is that this balance of $26,000 and more was paid to the creditors of the Indians in accordance with their request as shown by findings 4 and 6 and, as the use of this balance for the purpose shown was at the request of the plaintiff bands, the defendant argues that plaintiffs are thereby estopped to question its validity and that even if the use of the balance indicated had been improper, it was subse *602 quently ratified and confirmed by the Act of May 16,1874, as shown by finding 7.
Plaintiffs contend that under the provisions of Article 3 of the Treaty of 1858 not more than $70,000 could be paid ,out of their fund upon their debts to the traders and that, when and if that $70,000 was used up, the residue of $26,000 of the appropriation of $96,000 in 1861 (12 Stat. 221, 237), in payment for certain land, belonged to the plaintiffs and could not be used by the Secretary of the Interior to pay any debts of the plaintiff bands. We do not find it necessary to discuss or decide this question.
By the Act of February 16,1863, Congress declared that the plaintiff bands of Indians and other bands of the Dakota or Sioux Indians had “during the past year * * * made an unprovoked, aggressive, and most savage war upon the United States and massacred a large number of men, women, and children within the State of Minnesota and destroyed and damaged a large amount of property” and thereby forfeited all just claim to any money unpaid them; also, that all treaties purported to impose any further obligation on the United States and all lands and rights of occupancy within the State of Minnesota “are hereby declared to be abrogated and annulled,” so far as they purport to impose any future obligation on the United States, and all lands and rights of occupancy within the State of Minnesota, and all annuities and claims heretofore accorded to said Indians, or any of them, to be forfeited to the United States. See finding 10 for the statute in full.
It is quite clear that by the statute referred to. above, all claims of the plaintiffs are cancelled and forfeited.
Judgment must, therefore, be entered dismissing plaintiffs’ petition and it is so ordered.
MaddeN, Judge; Jones, Judge; Whitaker, Judge; and Littleton, Judge, concur.